## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL SEENEY**<br>1338 Gilham Street<br>Philadelphia, Pennsylvania 19111 | **CIVIL ACTION**<br><br>NO._____ |
| **vs.** | |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, SCI-GRATERFORD;** | **JURY TRIAL DEMANDED** |
| **MICHAEL WENEROWICZ,**<br>**DIANA SALKOVITZ,**<br>**BARBARA KALINOWSKY,**<br>***Individually and in their Official Capacities***<br>P.O. Box 246<br>Graterford, PA 19426 | |

## CIVIL ACTION COMPLAINT

Plaintiff, CRYSTAL SEENEY (hereinafter "Plaintiff"), by and through her undersigned counsel, avers as follows:

### INTRODUCTION

1.    Plaintiff initiates this action to seek redress against the Commonwealth of Pennsylvania, Department of Corrections, SCI-Graterford (hereinafter "Defendant"), her former employer, for unlawful disability discrimination and retaliation, in violation of the Americans with Disabilities Act of 1990 and other applicable law.

### THE PARTIES

2.    Plaintiff is an adult individual currently residing at the above address.

3.     Defendant COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, SCI-GRATERFORD ("DOC"), is an agency and prison of the Commonwealth of Pennsylvania, created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a place of business at the above address.

4.     Defendant MICHAEL WENEROWICZ is the Superintendent of SCI Graterford and an employee of DOC.

5.     Defendant DIANA SALKOVITZ is an employee of DOC.

6.     Defendant BARBARA KALINOWSKY is an employee of DOC.

7.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted, at all times relevant, within the scope of his or her job duties.

8.     Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990 because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

9.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10.     The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of

fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11.    The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

12.    Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## PROCEDURAL AND ADMINISTRATIVE REMEDIES

13.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14.    Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Americans with Disabilities Act as follows:

      a.  On or about February 10, 2010 Plaintiff filed a timely written charge of discrimination (No. 530-2010-01168) against Defendant with the Equal Employment Opportunity Commission alleging disability discrimination;

b. On or about May 7, 2012 Plaintiff filed a timely written charge of discrimination (No. 530-2012-02066) against Defendant with the Equal Employment Opportunity Commission alleging disability discrimination

c. On or about November 30, 2012, the EEOC issued Notice of Right to Sue to Plaintiff;

d. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

e. The Plaintiff also cross-filed the aforementioned charges of discrimination with the Pennsylvania Human Relations Commission and may amend this Complaint to include a claim under the Pennsylvania Human Relations Act upon the expiration of the Act's one-year statutory period.

15. Plaintiff has exhausted her federal administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

16. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

17. Plaintiff was hired by Defendant in 2008 as a "Clerk Typist 2".

18. In or around 2009, Plaintiff requested intermittent leave under the Family and Medical Leave Act ("FMLA").

19. Plaintiff's request for intermittent FMLA was granted by Defendant.

20.    In or around 2010, Plaintiff filed a Charge of Discrimination against Defendant (Charge No. 530-2010-01168), alleging discrimination based upon her disability and race.

21.    At all times during Plaintiff's employment, said discrimination based upon her disability was ongoing.

22.    At all times during Plaintiff's employment, Defendant was aware that Plaintiff had a disability, namely rheumatoid arthritis.

23.    Plaintiff's disability negatively affected her ability to, *inter alia*, type, lift, walk and care for herself.

24.    In or around May 2011, Plaintiff was transferred to a different department wherein she was required to type more than her previous assignment.

25.    Plaintiff was given no explanation as to why she was reassigned to a job that adversely affected her disability.

26.    Two weeks after the transfer, Plaintiff went on leave due to her disability.

27.    Plaintiff requested FMLA leave, which was denied.

28.    On or about December 8, 2011, Plaintiff contacted Diana Salkovitz, Treatment Supervisor for Defendant, and informed Ms. Salkovitz that she could return to work on part-time duty.

29.    Ms. Salkovitz voiced no objection, but told Plaintiff that part-time work had to be cleared with Barbara Kalinowsky of the Human Resources Department of Defendant.

30.    On or about December 12, 2011, Kalinowsky denied Plaintiff's request for no good cause.

31.     Kalinowsky informed Plaintiff she was not eligible for light-duty even though she was disabled.

32.     Plaintiff then applied for unemployment compensation benefits.

33.     Defendant claimed to the unemployment board that it had offered a light-duty position to Plaintiff.

34.     Defendant began to send threatening letters to Plaintiff informing her that she would have to return to work full-time or be terminated despite her disability.

35.     On or about March 12, 2012, Defendant held a "disciplinary conference" wherein Plaintiff was terminated.

36.     Plaintiff was terminated because she was disabled, required an accommodation, sought an accommodation and sought leave under the FMLA.

### COUNT I
### Americans with Disabilities Act

37.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

38.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

39.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because she was regarded as and/or perceived by Defendant and

its agents as having a physical impairment that substantially limited/limits one or more major life activities.

40.    The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her disability or perceived disability.

41.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks that damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## ADA – Retaliation

42.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

43.    In seeking disability leave, Plaintiff engaged in protected activity.

44.    In terminating Plaintiff because of her disability and disability leave, Defendant violated the ADA.

45.    As a result of Defendant's violations of the ADA, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT III
## Rehabilitation Act

46.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

47.    DOC receives federal funding from the United States.

48.    Plaintiff is an individual with a disability as defined under Section 504 of the Rehabilitation Act of 1973 , or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

49.    The foregoing conduct by Defendant constitutes unlawful discrimination under the Rehabilitation Act against Plaintiff on the basis of her disability or perceived disability.

50.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT IV
## Family and Medical Leave Act ("FMLA")

51.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

52.    Plaintiff is an "eligible employee" within the meaning of the FMLA because she was:

    a. employed by Defendant for a period of at least twelve (12) months; and

    b. worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of her FMLA leave.

53.   Plaintiff was entitled for FMLA to receive treatment for her disabilities.

54.   The foregoing conduct by Defendant constitutes a violation of the FMLA, in that Defendant failed to provide Plaintiff with her entitled leave under the FMLA.

55.   As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

    a. Defendant is to be permanently enjoined from discriminating against the Plaintiff on the basis of her disability and/or any basis prohibited under applicable federal and state law;

    b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their disability and is to promulgate an effective policy against such discrimination and to adhere thereto;

    c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for pain and suffering and any and all pay and benefits Plaintiff would have received had it not been for

Defendant's unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

d.  Plaintiff is to be awarded actual damages caused to her by Defendant's actions;

e.  Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

i.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

j.  Plaintiff's claims against Defendant are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has endorsed this

demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

By:   /s/ Timothy M. Kolman, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
*Attorneys for Plaintiff*
414 Hulmeville Avenue
Penndel, PA 19047
Phone:       (215) 750-3134
Fax:   (215) 750-3134

DATED: February 28, 2013

*Attorneys for Plaintiff*